UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JEFFREY FORBES,  )
    Plaintiff,  )
      )    Civil Action No. _____
      )
v.  )
      )
RICHARD B. SPENCER, Secretary  )
DEPARTMENT OF THE NAVY,  )
Portsmouth Naval Shipyard  )
      )
    Defendant.  )
      )

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

The Plaintiff, Jeffrey Forbes ("Mr. Forbes" or "Defendant") seeks damages from Respondent the Department of the Navy for discrimination based on his handicap and failure to provide a reasonable accommodation under the Rehabilitation Act and the Americans with Disabilities Act.

### PARTIES

1.    The Plaintiff, Jeffrey Forbes, resides in Peabody, Massachusetts.

2.    Defendant Department of the Navy, Portsmouth Naval Shipyard ("Naval Shipyard") is a government agency located in Kittery, Maine.

### FACTS

3.    Mr. Forbes suffers from permanent cognitive, vision, and speech impairments as a result of a brain tumor that was discovered in 2003.

4.      Mr. Forbes applied for the position of Police Officer to fill a vacancy for officers needed in the Naval Shipyard on March 19, 2015. Despite his disabilities, Mr. Forbes was able to meet the essential functions and physical requirements of the police officer position at the Naval Shipyard, which involved sitting or standing the guard house to check visitors, driving or walking around to patrol the grounds, and sitting at the front desk as dispatchers while monitoring security cameras.

5.      Under the "requirements" section of the job posting, it stated that "employee must successfully pas an initial, annual, or an require Office of Personnel Management, Department of Defense, or Department of the Navy, mental and emotional stability screening, physical agility test, and physical fitness for duty test.".

6.      The job posting went on to state that "a tentative offer of employment will be rescinded if the selectee fails to meet the pre-employment requirements".

7.      Mr. Forbes was referred for consideration and subsequently extended a tentative employment offer on July 8, 2015.

8.      On August 6, 2015, Mr. Forbes underwent a pre-employment examination, the physical was conducted by Captain/Dr. Dale Harmon. According to the Certificate of Medical Examination, Dr. Harmon's recommendation was to hire Mr. Forbes. Dr. Harmon did note several issues with Mr. Forbes "vision standards" and inability to operate a motor vehicle due to vision. He further noted that "all items would need to be accommodated if hired." A true and accurate copy of Dr. Harmon's examination report is attached as "Exhibit A."

9.      After the recommendation for hire and request for accommodation by Dr. Harmon, Mr. Forbes waiting for over a year for communication from the Naval Shipyard regarding a start date

10. After over a year, Mr. Forbes contacted the respondent in October 2016 and was told that his job offer had been rescinded.

11.     On November 4, 2016, after internal review, Tina Pawloski, a member of the Onboarding Team with the Naval Shipyard, denies signing off on a recommendation to hire, but acknowledges "that Staffing or OCHR did that."

12. On November 15, 2016, Mr. Forbes was officially notified by the Naval Shipyard's Human Resources Department that his offer was rescinded because he failed "to meet a condition of employment in not being successful with passing the pre-employment physical".

13. In response to the formal notice, Mr. Forbes filed a complaint with the Equal Employment Opportunity Commission ("EEOC" or "EEO") for unlawful discrimination on November 18, 2016.

14. At the beginning of the EEOC investigation and as of March 7, 2017 there were 54 employees assigned to the work unit where the position at issue is located, 5 of which had an unidentified medical condition.

### Americans with Disabilities Act (ADA)/Rehabilitation Act of 1973

15.     The Naval Shipyard's actions as set forth in the paragraphs above are in violation of Section 504 of the Rehabilitation Act of 1974 and the Americans With Disabilities Act.

16.     Mr. Forbes offer was subsequently rescinded because the Naval Shipyard refused to make a reasonable accommodation for his cognitive and motor functions resulting from his brain tumor.

3

17.     When Mr. Forbes disabilities came to light in his physical examination, the Naval Shipyard unlawfully retaliated against Mr. Forbes by rescinding his job offer despite receiving a recommendation for hire with reasonable accommodations after his physical examination on August 6, 2015.  The Naval Shipyard did not contact him for months and officially rescinded their offer only after he contacted them regarding updates with his employment.

18.     As a result of the Naval Shipyard's actions, Mr. Forbes has suffered lost wages, loss of employment training time, impediment to future employment opportunity, humiliation and emotional distress.

WHEREFORE, the Plaintiff, Jeffery Forbes hereby requests that the court award the following relief:

a.   Damages for lost wages and benefits;

b.   Damages for loss of employment training time

c.   Damages for impediment to future employment opportunity

d.   Damages for emotional distress and humiliation;

e.   Punitive damages;

f.   Interest on all damages; and

g.   Reasonable attorney's fees and costs associated with prosecuting this matter.


PLAINTIFF DEMANDS A JURY ON ALL TRIABLE ISSUES

Respectfully submitted,
JEFFERY FORBES,
By his attorneys,

Daniel J. Murphy, BBO No. 549073
Daniel Murphy, BBO No. 685760
THE MURPHY LAW GROUP, LLC
30 Massachusetts Ave.
North Andover, MA 01845
Tel: (978) 686-3200
Fax: (978) 686-3883

DATED:        July **10**__, 2020